IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

| | |
|---|---|
| WALTER DAVIS, | ) 1:24-CV-00337-RAL |
| Plaintiff | ) |
| v. | ) RICHARD A. LANZILLO |
| | ) Chief United States Magistrate Judge |
| WARDEN OF ERIE COUNTY PRISON, | ) |
| Defendant | ) MEMORANDUM OPINION |
| | ) DISMISSING CASE FOR |
| | ) FAILURE TO PROSECUTE |

I.   Introduction

For the following reasons, Petitioner Walter Davis' Petition for Writ of Habeas Corpus will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on Petitioner's failure to prosecute his case.

II.   Background

Petitioner Walter Davis, a pre-trial detainee in the custody of the Erie County Prison, initiated this habeas corpus action pursuant to 28 U.S.C. § 2241 on December 11, 2024. ECF No. 5. Without supplying a docket number, incident number, or any other identifying information as to the underlying state court case, Petitioner argued only that the "affidavit supporting probable cause has failed to be stamped by the issuing authority (magistrate)." *Id.* Petitioner sought an order directing that all charges be dropped. *Id.*

On May 6, 2025, Respondent filed a Motion to Dismiss. ECF No. 9. Respondent argued that all of Petitioner's state court cases appeared to be closed and, as such, Petitioner is no longer

a pre-trial detainee. *Id.* Respondent also argued that Petitioner had failed to fully articulate his claim and that federal intervention was likely barred by the *Younger* abstention doctrine. *Id.*

On May 7, 2025, the Court ordered Petitioner to respond to Respondent's motion on or before June 6, 2025. ECF No. 10. Petitioner filed a motion seeking an extension of time, ECF No. 13, which the Court granted. ECF No. 15. That order extended the deadline for Petitioner's response until July 23, 2025. Id. Despite the extension, Petitioner failed to respond.

Due to Petitioner's non-compliance, the Court issued an order on October 1, 2025, requiring Petitioner to show cause on or before October 24, 2025, as to why the action should not be dismissed for failure to prosecute. ECF No. 17. The Court cautioned that a failure to comply with the order would result in a recommendation that this matter be dismissed for failure to prosecute. *Id.* Despite this warning, Petitioner again failed to respond. Whether Petitioner's claims have been intentionally abandoned or simply neglected, a final order dismissing this action with prejudice is warranted.

III.    Federal Rule of Civil Procedure 41(b) Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute or comply with a court order, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Woods v. Malinowski*, 2018 WL 3999660, at *1 (W.D. Pa. July 18, 2018), *report and recommendation adopted as modified*, 2018 WL 3997344 (W.D. Pa. Aug. 21, 2018)). A court's authority to dismiss extends past granting a motion by the defendant. In fact, "[u]nder Rule 41(b), a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, 642 Fed. Appx. 100, 102 (3d Cir. 2016) (per curium) (citing Fed. R. Civ. P. 41(b)); *see also Adams v.*

*Trustees of New Jersey Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case *sua sponte* under Rule 41(b)). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in the courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Qadr*, 642 Fed. Appx. at 102.

Decisions regarding dismissal of actions for failure to prosecute or comply with a court order rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, while broad, is governed by the following factors, commonly referred to as *Poulis* factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "In balancing the *Poulis* factors, [courts] do not [employ] a ... 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (quoting *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well-settled that "no single *Poulis* factor is dispositive," and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Id.* (internal citations and quotations omitted).

3

IV.     Analysis

The Court begins by noting that, in general, it is "required to consider and balance [the six *Poulis* factors] when deciding, *sua sponte*, to use dismissal as a sanction." *Azubuko v. Bell Nat. Org.*, 243 Fed. Appx. 728, 729 (3d Cir. 2007). However, "[w]hen a litigant's conduct makes adjudication of the case impossible . . . such balancing under *Poulis* is unnecessary." *Id.* Although Petitioner's conduct in this case falls into this category, the Court will, nevertheless, analyze the *Poulis* factors to determine whether dismissal is warranted.

Turning to the first *Poulis* factor, the Court must consider the extent to which the dilatory party is personally responsible for the sanctionable conduct. *See Adams*, 29 F.3d at 873 ("[I]n determining whether dismissal is appropriate, we look to whether the party bears personal responsibility for the action or inaction which led to the dismissal."). Because Petitioner is proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to multiple orders from the Court. *See, e.g., Smith v. Pennsylvania Dep't of Corr.*, 2012 WL 4926808, at *2 (W.D. Pa. Oct. 16, 2012) (noting that a pro se plaintiff is personally responsible for the progress of his case and compliance with court orders). This factor weighs heavily in favor of dismissal.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or costs imposed on the opposing party," *Adams*, 29 F.3d at 874, and "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003).

For purposes of the *Poulis* analysis, however, prejudice does not equate to irremediable harm. *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Rather, "[t]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id*. Here, Petitioner's "failure to communicate with the Court and continued inaction frustrates and delays resolution of this action" by preventing a timely adjudication of his claims. *See Mack v. United States*, 2019 WL 1302626, at *1 (M.D. Pa. Mar. 21, 2019) ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). Accordingly, this factor also weighs in favor of dismissal.

The third *Poulis* factor requires the Court to consider whether Petitioner has exhibited a history of dilatoriness over the life of this case. *Adams*, 29 F.3d at 875 ("[A] party's problematic acts must be evaluated in light of its behavior over the life of the case."). While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe*, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency" – such as "consistent non-response to interrogatories, or consistent tardiness in complying with court orders" – is sufficient to meet the *Poulis* standard. *Adams*, 29 F.3d at 874. The Court notes that, although Petitioner has disregarded several court orders, he does not have a history of dilatoriness over the life of this case. As such, the third factor weighs against dismissal. *Id*. at 875.

The fourth *Poulis* factor requires the Court to consider whether Petitioner's conduct was willful or in bad faith. In this context, "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 874. Petitioner's failure to comply with Court orders and the rules of civil procedure "demonstrate[s] a willful disregard for procedural rules and court directives." *Doss v. United States*, 2024 WL 759058, at *2 (W.D. Pa. Jan. 22, 2024), *report and recommendation adopted*, 2024 WL 757090 (W.D. Pa. Feb. 20, 2024). There is nothing on the docket to suggest

that Petitioner is not receiving the Court's orders, nor has he offered any explanation for his failure to respond. Further, the Court has warned Petitioner that failure to comply might lead to his Petition being dismissed. Based on this, the Court infers that Petitioner's failure to respond was a deliberate choice, tilting the fourth factor in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis*, 747 F.2d at 868. In general, however, "sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding pro se." *Lopez v. Cousins*, 435 Fed. Appx. 113, 116 (3d Cir. 2011). *See also Brennan v. Clouse*, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002)). Absent the ability to craft an effective monetary sanction, and given Petitioner's failure to respond to the Court's prior orders, the Court concludes that the fifth factor weighs in favor of dismissal.

The sixth and final *Poulis* factor requires the Court to consider the potential merits of Petitioner's claim. A claim is deemed "meritorious" for the purposes of the *Poulis* analysis "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 869-70. To evaluate this factor, the court uses the same standard for a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Briscoe*, 538 F.3d at 263.

In this case, Petitioner asserts that his arrest in an unidentified case was unlawful. A review of his Petition indicates that this claim is poorly articulated and likely runs afoul of the *Younger* abstention doctrine, as noted in Respondent's Motion to Dismiss. However, even if the Court concluded that some portion of the Petition presented a viable cause of action, this factor cannot

save Petitioner's claims in the face of his non-compliance with the Court's instructions. *See Stephens*, 2024 WL 1501801, at *3 ("[Plaintiff] cannot refuse to comply with court orders which are necessary to allow resolution of the merits of [his] claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case."). Accordingly, the Court finds this factor weighs in favor of dismissal.

As the Court noted at the outset, "no single *Poulis* factor is dispositive," and "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 263 (quoting *Mindek*, 964 F.2d at 1373). Nevertheless, the Court concludes that five of the six *Poulis* factors heavily support dismissal, with one factor weighing against. Upon balancing those factors as they apply to this case, the Court finds those factors weigh in favor of dismissal of this action for lack of prosecution. Accordingly, dismissal is warranted.

V. Conclusion

Based on the foregoing, Petitioner Walter Davis' Petition for Writ of Habeas Corpus will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on Petitioner's failure to prosecute his case. An appropriate Order will follow.

Dated this 9th day of January, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge